Bart F. Virden, Judge, concurring. luJ join the majority and write a somewhat reluctant concurrence. The trial court clearly put a great deal of thought into its decision, and its frustration was clear from the 'findings in the order, I share that frustration and acknowledge the validity of the position taken by the dissent. Inasmuch as this is a 5-4 .decision, I fully expect the Arkansas Supreme Court to review the matter and settle what I and the trial court perceive as a confusing and amorphous body of law regarding joint custody and relocation of parents. I am writing to bring attention to an ambiguity in our caselaw regarding “joint custody.” Historically, custody of minor children was placed with one parent and the other parent received visitation. .As the family dynamic evolved, our courts and laws struggled to keep pace. Terms like “joint legal custody” and “primary physical custody’ began to appear in divorce decrees with little or no guidance to the meaning of those terms. As a result, we do not have a hard-and-fast rule to determine whether the parties had true joint custody. Our legislature has determined that it is public policy of our state to favor joint custody. See Ark. Code Ann. § 9-13-101(a)(1)(A)(iii). The “Hollandsivorth presumption” was born from the traditional custody/visitation arrangement wherein the parent who has custody, has, in essence, been raising the child and will continue to do so, albeit in a new location. But not all cases are clear-cut regarding whether true joint custody exists. As expressed by the trial court, determining whether joint custody exists in cases such as this one is quite difficult. The logic for not ' applying the Hollandsworth presumption in a case that is so very nearly true joint custody is sound. The trial court concluded that It is. not this Court’s place to suggest a change in the relocation law, but it appears that the better test would always place the burden on the parent wishing to relocate and put more emphasis , on what is in the best interest of the child in making the decision. I am not so constrained, and I believe the trial court was right on the márk with the suggestion. I am convinced that no consideration was given to the overriding concern of the best interest of the child, which has been the poléstar in every type of case dealing with the care and custody of children. See Stehle v. Zimmerebner, 375 Ark. 446, 454, 291 S.W.3d 573, 579 (2009) (“It is well settled in Arkansas that a judicial award of custody will not be modified unless it is shown that the circumstances have changed such that a modification of the decree would be in the best interest of the child.”); Chastain v. Chastain, 2012 Ark. App. 73, at 12, 388 S.W.3d 495, 502 (When the trial court does not specifically state that relocation was in the children’s best interests, if our de novo review shows that the lower court considered the appropriate factors relevant to best interest, an appellate court may conclude that the evidence supported the decision.); Bowen v. Bowen, 2012 Ark. App. 403, 421 S.W.3d 339 (In grandparent visitation cases there is a rebuttable presumption that the custodian’s denial or limitation of visitation is in the best interest of the child.); Hamman v. Ark. Dep’t of Human Servs., 2014 Ark. App. 295, 435 S.W.3d 495 (Parental rights must give way to the best interest of the child when the natural parents seriously fail to provide reasonable care for their minor children.).